IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Stanley Johnson, individually and on behalf of all others similarly situated;<br><br>      Plaintiff<br><br>      v.<br><br>Time Warner Entertainment-Advance/ Newhouse Partnership d/b/a/ Time Warner Cable, and Time Warner Cable Southeast LLC d/b/a Time Warner Cable,<br><br>      Defendants. | C/A No. 3:15-cv-01727-CMC<br><br><br><br>Opinion and Order<br>Denying Defendants' Motion<br>For Summary Judgment (ECF No. 90) |

This matter is before the court on Defendants' renewed motion for summary judgment. ECF No. 90.[1] For the reasons set forth below, the motion is denied.

Through this action, Plaintiff, Stanley Johnson ("Johnson"), seeks recovery on behalf of himself and others similarly situated for alleged unauthorized placement of cable transmission lines and related equipment ("Cable Lines") on or under land he purchased on July 1, 2014.[2] Relief is sought under various legal theories, all of which depend on the dual premises that (1) Defendants, Time Warner Entertainment Advance/Newhouse Partnership and Time Warner Cable Southeast, LLC (collectively "Time Warner Cable"), or their predecessors in interest placed the

---

[1] Time Warner Cable filed its original motion for summary judgment on August 6, 2015. ECF No. 70. That motion was denied without prejudice to renewal after discovery on the underlying issues. *See* ECF No. 82. Time Warner Cable filed the present motion on November 12, 2015, after discovery on specified issues germane to Johnson's individual claim.

[2] The land at issue is located at 1061 Old Garners Ferry Road in Richland County, South Carolina and is referred to herein as "the Property."

Cable Lines on or under the Property without authorization prior to Johnson's purchase and (2) the Cable Lines remained on the property without authorization after Johnson's purchase.

For purposes of this order, the court distinguishes between two types of lines: "Trunk Lines," which are capable of carrying signals to multiple subscribers; and "Service Lines," which carry the signal from the Trunk Line to an individual subscriber's residence or other individual location. Johnson's challenge is primarily if not exclusively directed to the presence of Trunk Lines running over (and possibly under) his property.

## ARGUMENTS

**Time Warner Cable's opening argument.** In its opening memorandum, Time Warner Cable advances two related arguments for summary judgment. First, it argues that placement of the Cable Lines was authorized because service was requested by and provided to a tenant of the property beginning in or around 1994 and continuing until the tenancy ended in 2002. ECF No. 90-1 at 6-7. Time Warner Cable presents the affidavit of the former tenant, Bobby Watkins ("Tenant"), in support of this claim. In addition to averring that service was requested in or around 1994 and continued until 2002, Tenant avers that the landowner authorized Tenant and his wife to take whatever action was necessary to establish the residence and obtain desired services. ECF No. 90-5.[3]

---

[3] As clarified at oral argument, Time Warner Cable's initial argument is that Tenant's request for service, combined with the authority vested in him by the landowner, authorizes all lines on the property *including Trunk Lines serving other properties*. It is undisputed that such lines were in existence when Johnson purchased the property and remained in use for some period of time after he objected to the presence of the lines. *See* ECF No. 90-1 at 4 (asserting that, after Johnson objected to the lines, "Time Warner Cable acted promptly to relocate the lines from the Property in a manner *that did not disrupt service to the customers in a nearby subdivision that are downstream of the property*." (emphasis added)).

2

Second, Time Warner Cable argues that it was not required to remove the Cable Lines when service ended unless and until Tenant or the land owner requested removal. *Id*. at 7-10. This argument rests, in part, on Richland County Ordinance HR92 (ECF No. 90-7), which grants Time Warner Cable the franchise to provide cable service within the county. This ordinance includes a provision which requires removal of equipment from a subscriber's premises without charge upon termination of service, but further states that this provision "shall not prohibit leaving the wires in place at the subscriber's location if desired by [Time Warner Cable] and if the subscriber does not object[.]" ECF No. 90-7 at 7 (HR92 § VII. L.) Time Warner Cable argues that it was allowed a reasonable time to remove the lines after any request to do so and its ultimate offer to remove or abandon the lines to Johnson was made within a reasonable time after Johnson objected to the presence of the Cable Lines in early 2015.[4]

**Johnson's response.** Johnson's response challenges certain of Time Warner Cable's legal arguments and also certain factual premises. Most critically, Johnson presents a supplemental affidavit from Tenant averring that the Cable Lines from which his service was provided "were already attached to telephone poles on the property . . . at the time I contacted Time Warner Cable for service." ECF No. 95-10 at 2. Tenant also avers that he "did not have authority to tell Time Warner Cable to *remove* lines from the perimeter" of the Property. *Id*. (emphasis added). Based on Tenant's second affidavit and the absence of other evidence that placement or presence of Trunk Lines to serve downstream customers was authorized, Johnson argues that Time Warner Cable

---

[4] Richland County Ordinance HR92 appears on its face only to address Service Lines. As noted above, Johnson's claim relates primarily to Trunk Lines. Time Warner Cable's arguments regarding Tenant's authorization apply both to Tenant's Service Lines and Trunk Lines serving downstream customers.

exceeded the scope of any authorization which may arise from Tenant's request for service. ECF No. 95 at 17-18. Johnson also argues that Time Warner Cable's delay in removing or abandoning the lines cannot be excused by Richland County Ordinance HR92 because placement was not authorized prior to his request that the lines be removed.[5]

**Time Warner Cable's Reply.** On reply, Time Warner Cable characterizes Johnson's opposition as resting on the "conclusion that the presence of the wires prior to 1994 constituted a trespass, and that alone negates the impact of the customer relationship after that time." ECF No. 97 at 2. Through this and other statements, Time Warner Cable appears to concede that lines serving customers other than Tenant may have been present on the property prior to 1994. *Id.* at 3 n.1 (stating it "has never suggested that the lines on the poles were brought onto the Property in the first instance to serve [Tenant]."); *id.* at 5 (stating that, due to the passage of over twenty years, Time Warner Cable "cannot determine . . . whether the lines predated 1994 or whether [its] predecessor had customers on this property prior to 1994.").

Time Warner Cable argues that the existence of the lines before 1994 is irrelevant because Johnson cannot assert a claim for trespass occurring before he purchased the Property. Noting Tenant's claim of full authority to do whatever he wanted to establish his residence, Time Warner Cable argues that the Cable Lines "were on the Property by permission during" the period of service to Tenant (1994 to 2002) and thereafter until a reasonable time after a demand for removal was made.

---

[5] Johnson advances other arguments, including, *inter alia*, that HR 92 does not operate as Time Warner Cable suggests and that Tenant did not have authority to authorize placement of underground cable. The court resolves the motion in Johnson's favor without reaching these arguments.

4

Time Warner Cable also notes that Johnson "has the burden of proof to demonstrate that the lines were originally located on the Property without consent." ECF No. 97 at 4. Thus, while maintaining that events predating Tenant's period of service (1994-2002) are not material, Time Warner points to an absence of evidence that the original placement was non-permissive. *Id.* at 4-6 (also asserting that there is no legal requirement that the permission be in written form). Finally, Time Warner Cable argues that Johnson's claims are self-defeating because a twenty-plus year trespass would establish an easement by prescription which ripened prior to Johnson's purchase. ECF No. 97 at 6-8.[6]

## STANDARD

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

---

[6] Time Warner Cable also points to alleged errors in some of Johnson's factual premises including whether the "lines on the poles played [any] role in providing service to the former tenant," whether any of its lines on the Property are below ground, and the nature and adequacy of Time Warner Cable's records.

5

>    (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
>    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## DISCUSSION

The arguments Time Warner Cable advances in its opening memorandum depend on the authorization granted or implied through Tenant's request for cable service. For present purposes, the court *assumes without deciding* that (1) Tenant's request for service was sufficient to authorize such lines as were necessary to provide service to Tenant's residence, which might include Trunk Lines to the point where Tenant's Service Line connected; (2) Tenant's authorization would be effective going forward, even if the Cable Lines were unauthorized prior to his request for service; (3) Time Warner Cable was not required to remove any previously authorized lines upon termination of service unless and until Tenant or property owner requested removal; and (4) once removal was requested, Time Warner Cable was allowed a reasonable time to complete the removal of previously authorized lines.

Even with these favorable assumptions, Time Warner Cable's opening arguments fail to support summary judgment because Johnson's claim is not limited (if even directed) to the presence of Cable Lines (whether Trunk Lines or Service Lines) that provided service specifically to Tenant's residence. Johnson's primary (if not sole) challenge is, instead, to the presence of Trunk Lines that served customers downstream of the Property. Time Warner Cable does not dispute that Trunk Lines present on the Property provided such service and did so for some period of time, apparently even predating when Tenant first sought service.[7]

Time Warner Cable has not directed the court to any authority for its specific premise that Tenant's request for service authorized placement or presence of Trunk Lines for the purpose of *serving downstream customers*. Absent such authority, the court cannot find that Time Warner Cable is entitled to judgment as a matter of law on this point or the dependent argument that Time Warner Cable could not be required to remove *previously authorized* lines without being given a reasonable time to relocate the lines. It follows that Time Warner Cable's opening arguments do not support summary judgment, even if it is given the benefit of the favorable assumptions listed above.[8]

---

[7] As Time Warner Cable argues, Johnson has no claim for trespass predating his own ownership. When the lines were placed, under what circumstances, and with what authority may, nonetheless, be relevant to his claims.

[8] As Time Warner Cable's reasonable-time-for-removal argument demonstrates, a Trunk Line serving downstream properties imposes a greater burden than Trunk or Service Lines serving only the property over which the lines are run. This is because, in the latter circumstance, the owner of the cable could not delay removal to avoid disrupting service to other customers. Likewise, the need to make repairs would become unnecessary as soon as service to the one property ended. Given these distinctions, it is doubtful that Tenant's request for service, alone, could have authorized placement or presence of Trunk Lines serving downstream properties. Whether the time required to reroute the cable was reasonable may also present a jury issue.

Time Warner Cable' advances two new arguments on reply. Specifically, it argues that Johnson bears and has failed to meet his burden of showing that placement of the lines prior to 1994 was unauthorized. Alternatively, Time Warner Cable argues that it acquired an easement by prescription assuming the lines were in place before Tenant requested service in 1994. The court finds that both issues require further discovery and legal development and are not, at least at this point, capable of resolution as a matter of law.

Time Warner Cable is correct that Johnson bears the burden of proving that the initial placement of Cable Lines was unauthorized. This argument was not, however, raised until reply. Thus, Johnson did not have an opportunity to address either the factual predicate or legal implications of the argument.[9] Discovery to date has also been limited, in part by the court's oral ruling on Time Warner Cable's original motion for summary judgment and in part by Time Warner Cable's discovery responses suggesting Time Warner Cable was relying on Tenant's authorization rather an absence of evidence as to whether the initial placement was authorized.

---

[9] It is, for example, possible that an inference favorable to Johnson might arise from the absence of certain evidence or from Time Warner Cable or its predecessor's practices regarding easements, licenses or other grants of permissive use. Whether such an inference may arise, under what circumstances, and whether those circumstances are present in this case all require factual and legal development.

While the court finds further development needed on these points, it does not suggest acceptance of one particular argument Johnson's counsel appeared to advance at oral argument: that even a valid prior authorization would have no effect on Plaintiff's claim of trespass unless that authorization was written and recorded. This position does not appear to be correct. A valid prior authorization of any form would likely entitle Time Warner Cable to a reasonable time to remove the lines after Johnson's objection to their presence in early 2015.

Time Warner Cable's alternative argument that it has acquired a prescriptive easement fails for much the same reasons. The argument was not raised in its opening memorandum, denying Johnson a fair opportunity to address the facts and the law. This potential claim also does not appear to have been addressed in discovery to date. It may, for example, be that any prescriptive easement would be limited to the precise conditions existing for the requisite period. This suggests discovery may be needed as to whether there have been changes in the physical cables or nature and extent of usage of those cables over the relevant period as well as legal argument on the impact of any such changes on the existence and scope of a prescriptive easement. Development of both the facts and the law are necessary before this claim, on which Time Warner Cable would presumably bear the burden of proof, may be addressed.

## CONCLUSION

For the reasons set forth above, the court denies Time Warner Cable's motion for summary judgment and reopens discovery as to Johnson's individual claims for a period ending April 21, 2016. The parties should confer regarding the scope of discovery early in that period to ensure that discovery on all aspects of Johnson's individual claim is completed before the new discovery deadline. Within seven days of entry of this order, the parties shall propose an amended scheduling order consistent with this deadline.

IT IS SO ORDERED.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 25, 2016